In re 18TH AVENUE DEVELOPMENT CORP., Debtor.

William D. SEIDLE, Trustee, Plaintiff,

v.

REESMAR SALES AND MILLWORK CORP. et al., Defendants.

Bankruptcy No. 79–01230 BKC SMW.
Adv. No. 80–0074 BKC SMW A.

United States Bankruptcy Court,
S. D. Florida.

June 27, 1980.

Sandler & Sandler, P.A., Miami, Fla., for William Seidle, Trustee.

Peter Leavy, Miami, Fla., for Herbert & Betty Kaufman.

Robert Schatzman, Miami, Fla., for debtor.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on to be heard before the undersigned Judge of this Court in this Adversary Proceeding. The trial had been continued in accordance with instructions made in open Court at the trial as well as per the written Order of this Court dated May 16, 1980.

The Trustee has filed his report on the status of mechanics' lien claimants with regard to the real property owned by the Debtor. A copy of said report has been served upon all parties as reflected in the mailing list attached to the "Trustee's Report of Liens filed in re 18th Avenue Development Corp., Bankruptcy.".

This Court's Order continuing the hearing and directing the Trustee to make a report, specifically provided that the Contract Vendees reserved the right to contest the amount, validity or priority of any liens relative to any lot particularly related to them. A copy of that Order dated May 16, 1980 was likewise served upon all those parties reflected on the attached mailing list, including mechanics lien claimants and contract vendees.

After the Trustee filed his report in accordance with the requirements and directions of that Order, various lien claimants and contract vendees filed responses to that report which are a part of this record. In addition, the Trustee served upon all interested parties a statement of his position with regard to the claims of lien filed by various mechanics lien claimants. That likewise is a part of this record.

The Court heard testimony and examined and reviewed various exhibits in evidence. Argument of Counsel was made with regard to the respective lien claimants. The Court being fully advised in the premises, makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. Due notice of the entry of the Orders above stated and of this hearing, as well as a copy of the Trustee's Report of Liens and Statement of Position has been served upon each of the lien claimants by due course of mail at their last known address.

2. Each of the lien claimants as reflected in the Trustee's Report of Liens has filed a mechanic's lien claim against real property owned by the Debtor in Dade County, Florida. Said claim of lien was filed on the date and recorded in the Book and Page in the amount reflected in the Trustee's Report of Liens.

3. The following lien claimants are hereby stricken based upon objections to the claim of lien made either by the Trustee or Counsel for contract vendees:

(a) BRIDGE LUMBER, Claim of lien filed 7/31/79, OR Book 10469, Page 1790–$6,409.95. This claimant agreed that the claim was invalid.

(b) DESMOND & SNELLING, Claim of lien filed 8/7/79, OR Book 1077, Page 522–$22,949.21. The claim of lien on Lot 57 and Lot 52 is stricken. The claimant is entitled to a lien in the sum of $22,949.21 on the Clubhouse property only.

(c) DIVERSIFIED, claim of lien filed 6/22/79, OR Book 10432, Page 1633–$29,984.50 is stricken.

(d) JOHN ABELL, claim of lien filed 7/18/79, OR Book 10457, Page 283–$9,344.45 is stricken.

(e) MASONQUIP, claim of lien filed 6/26/79, OR Book 10434, Page 1313–$2,207.47 is stricken.

4. The following claims are hereby stricken, the Court finding that they, over the objections of the Trustee and/or Counsel for contract vendees, have failed to present any evidence sustaining their entitlement to a claim of lien:

(a) SYSCON

(b) PORT OF SAN

(c) LORENE

(d) ALL STEEL ROLLED

(e) CENTRAL CONCRETE

(f) FARREY'S HARDWARE

(g) M. A. BRUDER

(h) LONE STAR (LINDSLEY)

(i) HIALEAH AIR

(j) REESMAR

(k) ROLL PLUMBING

(l) LA BELLE ELECTRIC

(m) GLORI ANN

(n) MIKE AULTON MASONRY

(o) MIAMI ELEVATOR

(p) STUDIO LIGHTING

(q) DONALD McINTOSH

(r) GUTTERS UNLIMITED

(s) DIXIE METAL

(t) CHUCK'S BACKHOE

(u) KRAMER STEPHENSON

(v) MIAMI RUG

(w) LONE STAR FLA.

(x) HOLLYWOOD FLOORING

5. The following lien claimants are entitled to a claim of lien in the sums respectively following their names:

(a) HOLLYWOOD APPLIANCES

| Lot 14 | – | $ 40.56 |
| Lot 28 | – | $ 5,379.92 |
| Lot 12 | – | $ 452.40 |
| Lot 26 | – | $ 452.40 |

(b) PAVER SYSTEMS–$3,960.00.

(c) FIREDOOR–$2,897.00.

(d) F.H.A.–$25,897.92 plus interest to 6/3/79. The Court has reserved jurisdiction to allocate and prorate the foregoing sums allowed to the individual lots claimed of record.

(e) MODULAR PAVING–the claim of lien is allowed to be prorated equally to all lots.

(f) PIONEER ROOFING–the claims of lien of PIONEER ROOFING are allowed individually as follows:

| Lot 32 | – | $ 274.43 |
| Lot 27 | – | $2,035.00 |
| Lot 29 | – | $2,413.11 |
| Lot 10 | – | $ 825.44 |
| Lot 7 | – | $3,300.00 |
| Lot 6 | – | $1,462.07 |
| Lot 8 | – | $1,014.60 |
| Lot 9 | – | $1,271.70 |
| Recreation Building | – | $11,300.00 |

7. The claim of lien of A.D. AIR DESIGN as to Lots 5, 12, 15 and 18 is stricken. The claims of lien on Lots 10 and 14 are allowed in the sum of $1,987.03 and $2,292.99 respectively. These claims of lien have been assigned to PIONEER METALS.

8. The claims of lien filed by SOUTH FLORIDA PLASTERING are allowed on respective lots as follows:

| Lot 6 | – | $4,656.50 |
| Lot 8 | – | $3,849.75 |
| Lot 9 | – | $3,980.90 |
| Lot 10 | – | $4,317.50 |
| Lot 11 | – | $4,560.00 |
| Lot 14 | – | $11,243.10 |
| Lot 15 | – | $1,362.90 |

Lot 18   –   $1,379.80
Lot 22   –   $1,204.15
Lot 25   –   $1,343.95
Lot 27   –   $3,733.89
Lot 29   –   $ 943.00
Lot 32   –   $ 637.50

9. The claim of lien of BIG H is allowed only on the recreational building in the sum of $1,148.92. All other claims of lien are stricken.

10. FLORIDALE. The Claims of lien are allowed as filed except that the claim of lien on Lot 29 is amended to reflect an amount in the sum of $5,365.36.

11. The claim of EVENINGS DELIGHT is allowed on the following lots in their respective amounts.

Lot 25   –   $ 267.28
Lot 29   –   $1,640.68
Lot 14   –   $ 41.18
Lot 23   –   $ 866.37
Lot 27   –   $1,360.73

12. The claim of ROOF STRUCTURES is allowed as filed in the sum of $32,866.00.

## CONCLUSIONS OF LAW

1. Chapter 713 of the Florida Statutes governs generally the filing of liens against real property.

2. F.S. 713.09 contains a specific provision for those circumstances when a single claim of lien is sufficient. F.S. 713.09 provides in part:

"(1) A lienor shall be required to record only one claim of lien covering his entire · demand against such real property where the amount demanded is for labor services or materials furnished . . . for more than one improvement to be operated as separate units on separate lots, parcel or tracts of land but improved in one continuous building operation, such as, but not limited to, a housing or multiple unit dwelling project . . . under the same direct contract . . ."

3. F.S. 713.09 defines "direct contract" as a contract . . . between the owner and any other person.

4. 11 U.S.C. § 102(1) construes the term "after notice and a hearing". The code provides that such phrase means such notice as may be appropriate in the particular circumstances and the opportunity for a hearing may be appropriate.

5. A summons and notice of trial, as well as any other Court order governing the procedure for notification of hearing may be served upon a party by due course of mail at their dwelling house or usual place of abode or where they regularly conduct their business or profession. This is true of individuals and of domestic or foreign corporations, partnerships or other unincorporated associations.

6. Rule 704 R.B.P. provides that notices of hearings may be served upon all parties by due course of mail. Rule 203(a) R.B.P.

7. Each of the mechanics' lien claimants and defendants herein, as well as the contract vendees, had due notice of the hearing on the determination of the validity, priority and amount of liens, the Trustee's Report of Liens and the Trustee's Statement of Position.

8. This Court has jurisdiction of the real property of the Debtor and may determine the validity of liens thereon. 11 U.S.C. § 541, § 506; 28 U.S.C. § 1481.

A Final Judgment will be entered in accordance with the Findings and Conclusions contained herein.